## FORRIST v. LEAVITT.

Where a justice of the peace, assuming to act under the authority conferred by chapter 236, section 7, Gen. Stats., by verbal warrant ordered an officer to arrest an alleged offender against the law,—*Held*, that it was the province and duty of the justice, alone, to decide as to what constitutes an offence; and that it makes no difference whether the officer observed the commission of the offence or not. The officer, acting in good faith, and in obedience to the order, even though he might not himself believe the party to be guilty, and though the justice might not have acted in good faith, nor upon reasonable belief of the party's guilt, is, nevertheless, justified in making the arrest.

TRESPASS, by Oliver Forrist against Henry M. Leavitt, a deputy sheriff, for assault and false imprisonment.

The defendant, with the general issue, filed a brief statement, alleging, among other things, that the plaintiff was guilty of making a brawl and tumult, and of rude and disorderly conduct in the highway, and of being a night-walker; that a justice of the peace, upon view of these offences, ordered the defendant to arrest the plaintiff, and that the defendant thereupon arrested him without any written warrant. It appeared that the justice, in the plaintiff's presence, ordered the defendant to arrest the plaintiff, but whether the justice viewed any of said offences was a matter in controversy. The arrest was made at about eleven o'clock at night, instantaneously upon the giving of the order. The defendant requested an instruction that it is entirely with the justice to decide as to what constitutes an offence, and it makes no difference whether the sheriff views the offence or not. If he acts upon such order, and acts in good faith, he is justified; and the order justifies the sheriff, whether the offence actually existed or not, if he acts in good faith. The court declined so to instruct the jury, but instructed them, among other things, that the order of the justice did not justify the sheriff, unless the justice viewed the commission of some one of the offences described in the brief statement. The jury returned a verdict for the plaintiff.

The jury also answered the following questions: 1. Did the justice give the order in good faith, and upon reasonable cause to believe Forrist guilty of any offence described in the brief statement ? A. He did not. 2. Did the defendant act upon a reasonable belief that Forrist was guilty of any offence described in the brief statement? A. He did not.

Motion to set aside the verdict. Case reserved.

*Aldrich & Shurtleff*, with whom were *Ray & Drew*, for the defendant.

An order by a judicial officer, having jurisdiction of the subject-matter, protects the ministerial officer to the same extent as a warrant issued by a justice, founded upon a complaint, under secs. 4, 9, and 10 of chapter 234 of the General Statutes.

A justice of the peace is a judicial officer, and the sheriff, being a ministerial officer, is subordinate to and under control of the former. Such is the doctrine of the common law. " In all cases where a justice has power to make an order and direct it to an inferior ministerial officer, and he disobeys it, if there be no particular remedy prescribed, it is indictable." Russell on Crimes 412. And it is the obvious intention of the legislature, in this particular case, to place the sheriff at the service of the judicial officer. Sec. 8, ch. 236. Section 3 of chapter 236 gives an officer the right to arrest upon view. In such case the officer might be held liable unless the offence existed, or unless he had reasonable cause to believe that such offence existed.. ·Under this section, it is not made the imperative duty of the sheriff to arrest, and the legislature seeks to give society better means of protection by giving to a justice of the peace new power, and thereby throwing around the ministerial officer the safeguard of protection ; and this is done by sections seven and eight of the same chapter. Section seven gives power to any justice, upon view of an offence,—breach of the peace,—or when necessary for the preservation of the peace, to command an officer, &c. Section eight says, " Any officer or person, upon such command, may arrest and detain," &c., and assigns a penalty for disobedience, thus making it the imperative duty of the sheriff to obey, and this, too, whether the sheriff has any personal knowledge of the offence or not.

As a general principle, a public officer will be protected if he acts in good faith in the discharge of a duty imposed by law. 2 Hilliard on Torts 183 ; *Donahoe* v. *Richards*, 38 Me. 376.

Now, can it be said that this statute, and order founded thereon, afford no protection to the officer unless the offence exists ? To hold this would be to hold the statute nugatory, as it would be impracticable for the sheriff to determine for himself, particularly if he had no knowledge of the offence until ordered by the justice. The legislature aims to give a more summary means for arresting offenders than is given by sections four, nine, and ten of ch. 234 of the General Statutes.

This is done by clothing the judicial officer with discretionary power, and, in the same connection, making it the imperative duty of the ministerial officer to execute ; and this new power and duty carry with them, *ex necessitate*, protection to the inferior officer who acts in the discharge of his duty. To hold otherwise would be placing the sheriff in a very undesirable position. Under such circumstances, every dictate of sound policy, as well as of natural justice, requires that the order of the justice should be holden conclusive for the protection of the officer acting innocently under it. It is well settled in this State, and elsewhere, that a warrant, regular upon its face, issued by a justice having jurisdiction of the subject-matter, founded upon a complaint under sections nine and ten of the General Statutes of this State, and like statutes in other States, will protect a ministerial officer acting in discharge of his duty, if he does not exceed his authority, although founded upon a groundless complaint, or however erroneous or irregular the previous proceedings. *State* v. *Weed*, 21 N. H. 262, 268 ; *Keniston* v. *Little*, 30 N. H. 318 ; *Woods* v. *Davis*, 34 N. H. 328 ; *Kelley* v. *Noyes*, 43 N. H. 210 ; *Batchelder* v. *Currier*, 45 N. H. 460 ; *Blanchard* v. *Goss*, 2 N. H. 491 ; 2 Hilliard on Torts 184. And where the court or magistrate has jurisdiction of the subject-matter, an officer, acting under their writ, warrant, or other precept, is not bound to examine into the validity of its proceedings, or the regularity of its process, and is not liable, certainly, without proof of express malice. 2 Hilliard on Torts 184, sec. 2 ; *Woods* v. *Davis*, 34 N. H. 328 ; *Warner* v. *Shed*, 10 Johns. 138 ; *Dynes* v. *Hoover*, 20 How. (U. S.) 65 ; *Gray* v. *Kimball*, 42 Me. 299 ; *Ortman* v. *Greenman*, 4 Mich. 291 ; *Mason* v. *Vance*, 1 Sneed 178. And the still more favorable rule has been adopted, that the process protects, unless want of jurisdiction appears upon its face. *Churchill* v. *Churchill*, 12 Vt. 661 ; *McDonald* v. *Wilkie*, 13 Ill. 22 ; *Barnes* v. *Barber*, 1 Gilm. 401 ; *Parker* v. *Smith*, *ib.* 411 ; *Tefft* v. *Ashbaugh*, 13 Ill. 602 ; *Whipple* v. *Kent*, 2 Gray 410 ; *Miller* v. *Grice*, 1 Rich. 147 ; *State* v. *Crow*, 6 Eng. 642 ; *Higdon* v. *Conway*, 12 Mo. 295 ; 2 Fla. 171 ; 7 Barb. 182 ; 12 Johns. 395 ; 12 Wend. 74 ; 2 Pick. 411 ; 11 Md. 471. And even though the officer has knowledge of facts rendering it void for want of jurisdiction. *The People* v. *Warren*, 5 Hill 440 ; *Sprague* v. *Birchard*, 1 Wis. 457 ; *Buffandeau* v. *Edmondson*, 17 Cal. 436 ; *Billings* v. *Russell*, 23 Pa. St. 189 ; 2 Gray 410 ; *Webber* v. *Gay*, 24 Wend. 485.

We are aware that these decisions have more direct reference to action under writ, warrant, or other process, for such were the means then provided for the judicial officer to compel action by the ministerial officer. It will be seen, however, by an examination of the many cases cited, that in no case is the guilt or innocence of the person restrained of his liberty made a test question. Neither is it the peculiar virtue of the precept that justifies, but authority in the person issuing, and jurisdiction over the subject-matter.

Section 7 of chapter 236 clothes the justice with new judicial authority. It reads thus : "He may, upon view, command the officer." The

justice is to decide, himself, whether he views an offence or not. The sheriff might be a mile away. "Whenever the law vests in a justice or magistrate a right of judgment, and gives him discretion to determine facts, he necessarily exercises within his jurisdiction a judicial authority." *Ela* v. *Smith*, 5 Gray 136. In the case at bar, the justice exercised a judicial authority, determined for himself, and made the order to arrest; and the law, providing this means by which a justice may enforce his command, gives it equal virtue with a warrant, under sections 9 and 10 of chapter 234, so far as protection to the officer is concerned. Section 8, chapter 236. The officer, upon such command, may arrest and detain, not if the person is guilty, or if there is good cause to believe him guilty, but upon such command. By virtue of these sections, the order, when made, is peremptory, and the duty imperative.

Now that the judicial authority of the justice is extended, should not the protection to the ministerial officer likewise be extended?

Wherefore we say, that the justice having authority as aforesaid, and having jurisdiction in the town of Colebrook, and no warrant or form of command being required, the sheriff was justified. We believe the statute means new power for the justice and protection to the sheriff, and that the rule which governs and protects the sheriff in the discharge of his duty in other cases should be adopted in this, and that such a rule would be safe and wholesome;—safe, because the law provides for the punishment of the justice for an abuse of the power conferred upon him, and gives the injured party redress, by indictment or civil suit, for oppressive acts done by the sheriff; and wholesome, because it means protection to those who act honestly in the discharge of a duty imposed by the law.

And the special verdict cannot affect the protection to the sheriff, because the law imposed upon him an imperative duty.

*Fletcher & Heywood*, for the plaintiff.

The finding of the jury takes away all grounds for defence. It must be remembered that the defendant was present and saw the same acts that the justice of the peace did, and knew that the plaintiff did nothing that would justify an arrest and imprisonment; and still he made the arrest, having no reasonable belief that the plaintiff was guilty of an offence that would justify it. Here is an attempt to justify an act done by the defendant, with no reasonable belief that the act was right. The argument for the defendant is, that he must blindly execute the order of a magistrate, when he knows that it is not right. We will suppose that a justice of the peace should, without antecedent process or judgment, make out and sign a writ of execution for a sum in debt and costs within his jurisdiction, and should give it to an officer to collect: the officer, in an ordinary case, would be justified in collecting the execution. But, suppose that the officer well knew all the facts in the case, and that the execution was illegally

issued : can any one pretend that he would be justified in executing it ? The officer must act in good faith, or he is not justified.　*Closson* v. *Morrison*, 47 N. H. 482 ; *Allen* v. *Colby*, 47 N. H. 544.

*Aldrich & Shurtleff* and *Ray & Drew*, in reply.

The plaintiff claims that an officer must act in good faith, or he is not justified, and cites *Closson* v. *Morrison*, 47 N. H. 482, *Allen* v. *Colby*, 47 N. H. 544. This may be true in that class of cases, but in the case at bar, the question as to whether the defendant acted in good or bad faith was not submitted to the jury. The defendant requested the court to instruct the jury " that, if the officer acted in good faith, he was justified." This the court denied, but said, substantially, " that, if the justice did not view the offence charged, he [the defendant] could not justify," in no way submitting the question of good or bad faith to the jury. In the case of *Closson* v. *Morrison*, the court say, in that class of cases, it is a question of fact for the jury whether the officer acted in good or bad faith,—in good faith, and for a lawful purpose, or in bad faith, and for an improper purpose. Also, the same doctrine in *Allen* v. *Colby*, 47 N. H. 544. If the officer had no good reason of his own, or no reasonable belief that offence existed, he may have acted in good faith and from a sense of duty, which he understood the order of the magistrate imposed.

Foster, J.　Any justice, upon view of a breach of the peace, or other transgression of the law proper for his cognizance, or when necessary for the preservation of the peace, may command any officer or other person to arrest the offender.　Gen. Stats., ch. 236, sec. 7.

If the officer or other person thus commanded shall not obey such command, he shall be subject to the same penalty as for disobeying an officer.　Gen. Stats., ch. 236, sec. 8.

This penalty is a fine not exceeding ten dollars.　Gen. Stats., ch. 236, sec. 2.

The verbal command, therefore, is just as imperative upon the officer as a formal warrant founded upon a formal complaint.

The jury in the case before us have found, by special verdict, that the justice did not give the order for the plaintiff's arrest in good faith, and upon reasonable cause to believe him guilty.

But the sheriff, to whom a warrant or other process is committed for service, is not accountable for the mistakes, or for the corrupt or malicious motives or proceedings, of the magistrate issuing the warrant.

It may be said that the justice did not view an offence ; and such may well be regarded as the result of the special verdict. He could only issue a valid order upon view of an offence. Therefore the order was void. Therefore, again, "a void warrant [or order] affords no protection to the officer serving or attempting to serve the same." All this is true and sound ; but the answer to the argument is supplied by the language of the court in *State* v. *Weed*, 21 N. H. 268, and the illus-

trations there presented : " as connected with the magistrate, it is a void warrant *in toto ;* but, in the hands of the officer, voidable only." " A process is void as to *all* connected with it, when upon its face it wants essential legal form and substance. A seal, for instance, being one of the legal requisites to give vitality to a process, is essential, and its absence renders the precept absolutely void."

But the new power conferred upon a justice of the peace, by section 7 of chapter 236, permits the magistrate to dispense with the seal and with any writing. The absence of the seal and the writing, therefore, is no want of essential legal form and substance. If the warrant is issued for an offence not within the jurisdiction of the magistrate to try, or to arrest a person over whom he has no legal authority, and these facts appear upon the papers, they are void. Or, if an officer undertakes to serve a process not within his precinct, his acts are all void. " In all such cases the process shows upon its face its illegality ; and the officer will not be protected, because he is acting by virtue of papers which, it is apparent from their inspection, have no legal vitality."

In the case before us, the offences enumerated in the brief statement, and upon which the order was predicated, were within the jurisdiction of the magistrate to try. They are all within the purview of section 18, chapter 252, Gen. Stats. ; and the jurisdiction of justices of the peace, as to the trial of such offences, is conferred by section 4, chapter 234. The alleged offence and the offender were within the defendant's precinct, as a deputy sheriff. The process, or order of the justice, being verbal, did not disclose " upon its face " any illegality ; but the order was, to all intents and to all appearance, fair and legal upon its face.

The cases in our own reports fully sustain the position that a warrant, regular upon its face, issued by a justice having jurisdiction of the subject-matter, founded upon a complaint such as the statute prescribes (ch. 234, secs. 4, 9; 10), will protect a ministerial officer, if he do not exceed his authority in the execution of the warrant, no matter how groundless the complaint, nor how erroneous, irregular, or malicious the proceedings or motives of the party or the magistrate, provided the irregularity be not such as to render the process absolutely void, to the clear apprehension of the officer. *Keniston* v. *Little*, 30 N. H. 318; *Woods* v. *Davis*, 34 N. H. 328; *Kelley* v. *Noyes*, 43 N. H. 210; *Batchelder* v. *Currier*, 45 N. H. 460.

And it is impossible for us to conceive any distinction between the case of a written precept and a verbal order, which the magistrate has just as much right to issue and enforce, so far as the duty and responsibilities, the rights and the protection, of the officer required to serve and execute the one or the other are concerned. The same law which confers power upon the magistrate to make an order without writing, and which requires the officer to whom the order is issued to execute it, carries with it, by necessary implication, the same protection afforded him in the service of a written warrant not apparently invalid.

Any other view of the matter must render the whole statute, upon which the justice's order was predicated, nugatory, and practically void. See *Batchelder* v. *Currier*, before cited ; *Allen* v. *Colby*, 47 N. H. 544. No officer, authorized to execute a writ or warrant, is liable in trespass for executing such process, however malicious his conduct may be ; much less if, instead of malice, he merely entertains a reasonable doubt of the party's liability or guilt ; because, being authorized to execute the process, the law will protect him in the performance of that duty ; and, if he is guilty of any malicious conduct, he is liable to damages in an action on the case. 4 Bouv. Inst. 31. It is said, even, that an officer is protected in executing process regular on its face, though he may know facts making it void for want of jurisdiction. *The People* v. *Warren*, 5 Hill 440 ;—see *Chase* v. *Fish*, 17 Me. 132 ; *Churchill* v. *Churchill*, 12 Vt. 661 ; *Donahoe* v. *Shed*, 8 Met. 326 ; *Dynes* v. *Hoover*, 20 How. 65 ; 2 Hilliard on Torts 336, 337.

The jury have found by special verdict that the defendant, in executing the order, did not act upon a reasonable belief that the plaintiff was guilty of the offence charged.

But the defendant may well demur to that verdict. What of it? The jury have not found that the officer acted in bad faith, or exceeded the limits of the justice's command, or abused his authority or process. The belief, opinion, views, or judgment of the sheriff, are wholly immaterial. Whether, being present, he observed the act which the magistrate deemed offensive and criminal or not, or whether, himself viewing the act, it seemed to him offensive and unlawful, or otherwise, is entirely immaterial. He had no duty requiring him to hear, determine, or view the offence. He was not acting upon his own authority. The order was peremptory ; the duty imperative. The officer was invested with no judicial discretion. The magistrate alone was empowered to determine, upon his own view and upon his own judgment, whether an offence had been perpetrated ; and if he determined that it had, the sheriff had no right to determine otherwise, and, upon his own dissenting view of the matter, refuse to obey the judicial order.

It would be a singular state of things if a sheriff might refuse to arrest a man charged with murder, larceny, or any other crime, simply because, to use the language of this special verdict, he has no " reasonable belief " that the accused is guilty.

It is manifestly the policy of the law to protect its ministerial officers—those who are required to subordinate their own judgments and their own wishes, oftentimes, to the superior authority of judicial officers and tribunals. " Their duties are, at best, sufficiently embarrassing and responsible." *Webber* v. *Gay*, 24 Wend. 485. They are subjected to severe penalties for disobedience. Gen. Stats., ch. 236, sec. 8. " In all cases where a justice has power to make an order and direct it to an inferior ministerial officer, and he disobeys it, if there be no particular remedy prescribed, it is indictable." 1 Russell on Crimes 412. Mr. Chitty says that " disobedience of an order of justices, &c., is an offence indictable at common law, though a specific

penalty is provided by statute for the neglect of that duty which the order is intended to enforce; nor can a defendant otherwise avail himself, either at the trial or elsewhere, but by showing a want of jurisdiction in the court." 2 Chitty Crim. Law 279, note *m.*

The officer is also liable to an attachment for contempt. 2 Hawk. P. C., ch. 22, sec. 4; 2 Bishop Crim. Law, sec. 241; *Clark* v. *Foxcroft,* 6 Greenl. 296; *Runlett* v. *Bell,* 5 N. H. 433, 437.

Such being the liabilities and the responsibilities of such officers as our sheriffs and their deputies, the law is not subject to the reproach of a failure to accord them commensurate protection. If there be any doubt about this, it is time to repeat and reäffirm the language of WOODBURY, J., in *Bissell* v. *Huntington,* 2 N. H. 142, 147, in which he seeks " to counteract an opinion, whose origin we do not attribute to this county, that sheriffs and their deputies, so far from being persons in employments both hazardous and difficult, and whose unintentional errors are consequently often to be mitigated or forgiven, are rather mere beasts of prey, and are to be hunted down with the ' hue and cry' of the whole community."

Our opinion is, that the instructions requested by the defendant should have been given to the jury; and that those which were given were erroneous. Consequently the verdict must be set aside, and a

*New trial granted.*